## AMANDA M. BLOOMER v. JOHN BLOOMER.

SALE OF WIFE'S INTEREST IN LAND. *Proceeds, personalty when. Implied trust.* A *femme covert* consented on privy examination to a decree for the sale of land, inherited by her and others, for partition among them. Her husband and another became the purchasers, and the sale was duly confirmed—the decree vesting the husband with the title to one-half of the land. The husband credited his purchase notes with the wife's share of the proceeds of the sale. She was not present in court, and did not consent by privy examination to the decree vesting the title to one-half the land in the husband. Afterwards the husband's interest was sold under execution, and purchased by the defendant Cope: *Held,* That the sale of the wife's interest was a conversion of it into personalty; that the husband had no right to appropriate her interests in the notes executed in this way for the purchase money without her privy examination as required by sec. 2483 of the Code, and that the purchaser at the execution sale took the land encumbered with the implied trust in her favor for the amount so appropriated by the husband.

Cases cited: Thomas *v.* Walker, 6 Hum., 93; Jones *v.* Walkup, 5 Sneed, 135; Click *v.* Click, 1 Heis, 607.

Code cited: Sec. 2483.

### FROM HANCOCK.

From the Chancery Court at Sneedville. H. C. SMITH, Chancellor.

No counsel marked.

NICHOLSON, C. J., delivered the opinion of the court.

In 1860 a bill was filed in the Chancery Court at Sneedville, for the sale of the real estate of Archibald Wolfe, deceased, for partition among his several heirs, of whom Amanda M. Bloomer, wife of John H.

Bloomer, was one. The proceedings were all regular, and the land ordered to be sold. At the sale John H. Bloomer and Richard Cope were the purchasers, at $3,375, and they executed their notes with security at one and two years. Before the sale was confirmed Richard Cope transferred his interest in the purchase to John H. Bloomer, and he afterwards transferred one-half of the land to L. E. Bloomer. Before the notes became due, and at the term at which the sale was confirmed, all these parties appeared in court, and, by their consent, a decree was entered vesting one-half of the land in John H. Bloomer and the other half in L. E. Bloomer, according to a division line agreed upon between them, this being part of the decree confirming the sale.

Amanda M. Bloomer, the wife of John H. Bloomer, had appeared in court, and, upon privy examination, consented to the decree ordering a sale of the land for partition, but she was not present in court, and gave no consent to the decree vesting one-half of the land in her husband. Upon making this decree, the notes of John H. Bloomer were credited with the amount of his wife's interest in the price for which the land had sold, which was one-third thereof. This amount constituted part of the consideration for which the title was vested in her husband for one-half of the land. She was a *feme covert* and a minor at the time of the sale, and of the rendering the decree aforesaid, and in no way consented thereto.

Afterwards a judgment was rendered against John H. Bloomer which was levied on his interest in the

land so vested in him, and, at the sale, Richard Cope became the purchaser at $610, and took a sheriff's deed.

Amanda M. Bloomer now files her bill against John H. Bloomer, Richard Cope and others, praying to have the decree vesting the title to one-half of the land in John H. Bloomer reviewed and reversed, and that her interest therein, to the amount of her third of the proceeds of the sale for partition, be declared and decreed accordingly.

The Chancellor held correctly that the bill was improperly filed against the parties interested in the half of the land vested in L. E. Bloomer, and the decree dismissing the bill as to these parties is affirmed. He held, also, that Amanda M. Bloomer had a valid resulting trust in the half of the land vested in her husband to the amount of her one-third of the proceeds of the sale for partition, but because it appeared that her husband's title had been divested out of him by execution and sale by the sheriff, the Chancellor held that she could have no relief against the land, and dismissed her bill.

The sale of the land for partition was regular and upon its confirmation it was converted into personalty: *Jones* v. *Walkup*, 5 Sneed, 135. But one-third of the notes for which the land sold belonged to Amanda M. Bloomer, and she could not be deprived of the right to receive the proceeds except upon privy examination. Sec. 2483 of the Code. Her husband had no right to appropriate her interest in the notes or of their proceeds, nor have the court any authority to

sanction such use and appropriation as a consideration for the land.   To the amount of her interest so used and appropriated she has the right to subject the land to its satisfaction.   Her husband took the title to the land encumbered with this right, and the same right attaches to the land when purchased by Richard Cope at sheriff's sale.   Such a purchaser does not occupy the position of an innocent purchaser:   *Thomas* v. *Walker,* 6 Hum., 93; *Click* v. *Click,* 1 Heis., 607.

It follows that the Chancellor was in error in refusing to give complainant relief, and that she is entled to a decree for the amount of her portion of the notes appropriated in paying for one-half of the land, and if this amount, which may be ascertained by calculation, with interest, is not paid by John H. Bloomer within ninety days from the date of this decree, the clerk will proceed to sell the land for cash in satisfaction of the lien.

The costs of the case will be retained out of the proceeds of the sale.